UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN PARKER,

       Petitioner,

                                            Case No. 5:06-cv-178
v.                                        Hon. Robert J. Jonker

CAROLE HOWES,

       Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has

filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.      Background**

On February 10, 2003, petitioner entered a no contest plea to one count of second

degree criminal sexual conduct, M.C.L. § 750.520c. Plea Trans. (docket no. 10). The prosecuting

attorney outlined the plea bargain as follows:

> Upon successful plea and sentence to Count 1 of criminal sexual conduct in the
> second degree, we'll dismiss Count 2, the supplemental information, and we'll ask
> the Court not to enhance with the sex supp, with the understanding that the guideline
> range would be three years on the minimum, and, of course, the statutory maximum
> then would be 15 years.

*Id.* at 13-14. On March 27, 2003, the court sentenced petitioner to incarceration at the Michigan

Department of Corrections for a period of not less than 3 years and not more than 15 years. Sent.

Trans. at 4 (docket no. 11). Petitioner did not appeal his conviction to the Michigan Court of

Appeals.

However, more than one year later, on or about August 14, 2004[1], petitioner moved

for relief from judgment pursuant to M.C.R. § 6.500 *et seq.* The trial court denied the motion,

stating in pertinent part:

> Following the Court's ruling [which allowed the prosecutor to present
> evidence of prior acts which led to the defendant's previous convictions for criminal
> sexual conduct], the defendant, on February 10, 2003, entered a plea of *nolo
> contendere* to the charges he was facing and the defendant was eventually sentenced
> to a period of not less than 36 months incarceration nor more than 15 years
> incarceration on March 27, 2003.
>
> In his motion seeking relief from judgment, and the brief in support filed
> therein, the defendant essentially argues that the similar acts evidence should not
> have been allowed and since they were allowed and that defendant's lawyer advised
> that it was likely he would, therefore, be convicted, that he should somehow be
> allowed to withdraw his plea of *nolo contendere*. The defendant's arguments rely
> almost in their entirety on the proposition that the Court was mistaken in its ruling
> that *People v. VanderVliet* led to the inclusion of the prior acts evidence in the
> government's case in chief . . . .
>
> In the case at bar there can be no doubt whatsoever that the defendant
> understood his rights, that he tendered his plea of *nolo contendere* voluntarily, that
> he understood each and every right that he was waiving and that he did so with the
> advice of a highly capable, highly experienced and effective trial attorney. It is
> significant to note that by entering a plea of *nolo contendere*, the defendant received
> a sentence at the lowest end of the applicable sentencing guideline range in this case
> and the habitual offender notice was dismissed. The properly scored sentencing
> guidelines in this defendant's case for the offense for which he was convicted had
> a guideline minimum range of not less that 36 months nor more than 71 months.
> Because of the negotiated plea agreement, the defendant was able to obtain a
> sentence of not less than 36 months nor more than 15 years. Without the benefit of
> this plea agreement, this Court is virtually certain it would have awarded a sentence
> at the very highest end of the sentencing guidelines applicable to this defendant.
>
> Far from being ineffective, the capable advocacy of the attorney who
> represented this defendant in this case saved the defendant nearly three years of
> incarceration on the low end of his sentence range.

---

[1] It appears that this motion was dated August 14, 2004 and filed August 20, 2004. *See* Opinion and Order (Oct. 13, 2004) at 1; Kent Circuit Court docket sheet at no. 32 (docket no. 9).

Opinion and Order (Oct. 13, 2004) at 2-5.

Petitioner appealed this ruling, raising two issues in his application for leave to appeal

to the Michigan Court of Appeals:

> I.     Was [petitioner's] plea involuntary when [petitioner] pled guilty under erroneous assumptions because of his trial counsel?
>
> II.    Was [petitioner] deprived of his right to due process of law as guaranteed by the 6th and 14th Amendments to the United States Constitution and Section 20, Article 1, Michigan Constitution 1963, to the effective assistance of counsel when his trial counsel advised [petitioner] to plead "no contest" to a crime he did not commit and for failure to discuss possible defenses with [petitioner]?

Application for leave to appeal (docket no. 12).

The Michigan Court of Appeals denied the application "for failure to meet the burden

of establishing entitlement to relief under MCR 6.508(D)." *People v. John Russell Parker*, No.

263178 (Jan. 6, 2006) (docket no. 12). Petitioner raised the same issues in his application to appeal

to the Michigan Supreme Court, which denied the application because petitioner "failed to meet the

burden of establishing entitlement to relief under MCR 6.508(D)." *People v. John Russell Parker*,

No. 130582 (May 30, 2006) (docket no. 13).

This matter is now before the court on Parker's petition seeking habeas relief which

raises two issues for habeas relief:

> I.     Was petitioner denied effective assistance of counsel and due process of law in his plea proceeding?
>
> II.    Evidentiary hearing.

Attachment to petition (docket no. 1-2).

## II.    Procedural Default

### A.    Legal standard

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996).  Not every state procedural rule will warrant application of the procedural default doctrine.  Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine.  "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).  MCR 6.508(D) is a valid procedural bar for habeas purposes.  *See Canty v. Cason*, No. 02-2030, 2003 WL 152322 (6th Cir. Jan. 16, 2003); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000).  Consequently, a habeas petitioner's claims are procedurally defaulted in those cases in which the Michigan Supreme Court expressly relies on MCR  6.508(D) in denying an application for leave to appeal.  *Id.*

### B. Petitioner's claims are procedurally defaulted

Here, petitioner never appealed his guilty plea and sentence to the Michigan Court of Appeals. Because petitioner chose not to file an appeal, neither the Michigan Court of Appeals nor the Michigan Supreme Court had the opportunity to perform a direct review regarding any alleged errors related to his conviction and sentence. The Kent Circuit Court was the first state court to review petitioner's habeas claims, which were raised in his motion for relief from judgment under MCR 6.500 *et seq*. Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's application for leave to appeal the trial court's order denying post-judgment relief because he failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). As the last state court rendering judgment in the case, the Michigan Supreme Court's decision denying petitioner's claims on the basis of the state procedural bar of MCR 6.508(D) prevents habeas review. *See Burroughs*, 282 F.3d at 414; *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

### C. Cause for the procedural default

Petitioner asserts that cause exists for this procedural default, stating that he did not contest the validity of his *nolo contendere* plea in a direct appeal because he suffered from mental illness, had a "lack of competent understanding," and held the belief that he could not file an appeal after entering a plea. Attachment to petition (docket no. 1-2).

#### 1. Mental illness

"[I]n order for mental illness to constitute cause and prejudice to excuse procedural default, there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief." *Holt v. Bowersox*, 191 F.3d

970, 974 (8th Cir.1999). There is no question that petitioner has some history of mental health treatment. Petitioner has submitted medical records which indicate a diagnosis of a major depressive disorder and a borderline personality disorder in July 2002 and a diagnoses of a bipolar disorder and schizoid personality disorder in May 2005. *See* docket no. 13.[2] Petitioner may have been prescribed certain medications during the time of his plea and sentencing, although this is not entirely clear from the record. *Id.* While petitioner has presented some evidence of mental health treatment throughout his lifetime, he has not made a "conclusive showing" on the record that a mental condition interfered with his ability to make rational decisions with respect to pursuing post-judgment relief. At the time of his plea, petitioner stated that he understood the charges, the maximum sentence, the nature of the proceedings and the plea agreement. Plea Trans. at 6-16. The trial judge was satisfied that petitioner's plea was voluntarily made after consultation with experienced and capable counsel, and adjudicated him guilty. *Id.* at 18. Nothing at the March 27, 2003, sentencing hearing suggested that petitioner was mentally ill or did not understand the proceedings. *See* Sent. Trans. 1-7. On the contrary, at the sentencing, petitioner identified errors in the presentence report. *Id.* at 3-4. After reviewing all of the evidence, the judge sentenced petitioner to the "low end of incarceration." *Id.* at 5. Accordingly, petitioner's claim of mental illness is not good cause excusing the procedural default.

---

[2] Petitioner attached various medical records as exhibits to his application for leave to appeal to the Michigan Supreme Court. These records do not bear page numbers.

## 2.        Mistaken belief

Petitioner also contends that he believed that he could not file an appeal after entering

his plea.  Petitioner's claim is without merit.  Neither ignorance of the law regarding appeals nor a

mistaken belief regarding a legal procedure for filing an appeal can establish cause for a procedural

default.  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).  Furthermore, petitioner's belief is

unfounded.  At the conclusion of the sentencing, the court advised petitioner that he did not have

an automatic right of appeal because the sentence was within the sentencing guidelines range but

that he could petition for appeal to the Michigan Court of Appeals within 42 days "by filling out the

green sheet that your attorney has handed you."  Sent. Trans. at 6.  Accordingly, petitioner's claim

of mistaken belief regarding legal procedure is not good cause excusing the procedural default.

## 3.        Fundamental miscarriage of justice

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims

unless the court's failure to do so will result in a  "fundamental miscarriage of justice."  *Coleman*,

501 U.S. at 750.   In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the

scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare"
> and would only be applied in the "extraordinary case," while at the same time
> ensuring that the exception would extend relief to those who were truly deserving,
> the Court explicitly tied the miscarriage of justice exception to the petitioner's
> innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade

the court "that, in light of the new evidence, no juror, acting reasonably, would have voted  to find

him guilty beyond a reasonable doubt."  *Id*. at 329.  In the procedural default context, "'actual

innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*,  523

U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted.

Here, petitioner pled *nolo contendere* to the charges. "It is well settled that a plea of *nolo contendere* admits 'every essential element of the offense (that is) well pleaded in the charge.' *Lott v. United States*, 367 U.S. 421, 426, 81 S.Ct. 1563, 1567, 6 L.Ed.2d 940 (1961)." *United States v. Williams*, 642 F.2d 136, 138 (5th Cir. 1981).

> Like a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called "non-jurisdictional defects" or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him. . . By pleading nolo contendere, [the defendant] has admitted that he acted willfully. He cannot now be heard to attack the evidence as insufficient to support a finding of willfulness. [Citations omitted].

*United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982).

By pleading *nolo contendere*, petitioner has admitted the elements of the crime for which he was charged. *See Freed*, 688 F.2d at 25-26. Petitioner presents no new evidence that he is actually innocent of the crime for which he pled *nolo contendere* and was convicted. Petitioner's plea forecloses any possible demonstration of "actual innocence." *See Hutchings v. Herbert*, 260 F. Supp. 2d 571, 576 (W.D.N.Y. 2003); *Rocha v. Jones*, No. Civ. A. 99-CV-71714-D, 2001 WL 902628 at *5 (E.D. Mich. June 12, 2001); *Shakoor v. Collins*, 63 F. Supp. 2d 858, 866-67 (N.D. Ohio 1999). "Actual innocence" means factual innocence, not mere legal insufficiency." *Shakoor*, 63 F. Supp. 2d at 867, *citing Bousley v. United States*, 523 U.S. at 623-24 and *Sawyer v. Whitley*,

505 U.S. 333, 339 (1992). Accordingly, petitioner's procedural default precludes review of his habeas claims.

### III.    Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  November 2, 2009                                  /s/ Hugh W. Brenneman, Jr.
                                                          HUGH W. BRENNEMAN, JR.
                                                          United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).